UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL BUSINESS AVIATION ASSOCIATION, INC., <br><br> Plaintiff, <br><br> -against- <br><br> THE TOWN OF EAST HAMPTON, <br><br> Defendant. | No. 22-cv-2824 <br><br> **DECLARATION OF** <br> **PHILIP M. BOWMAN** |

**PHILIP M. BOWMAN**, make the following declaration pursuant to 28 U.S.C § 1746:

  1. I am a member of the bar of the State of New York and a partner at the law firm Cooley LLP, counsel to Defendant The Town of East Hampton. As such, I am fully familiar with the facts and circumstances set forth herein.

  2. I submit this declaration in support of Defendant's Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, filed by Plaintiff National Business Aviation Association, INC.

  3. The FAA provided the Town with a letter outlining the Town's options related to the future of the airport in November 2020. Attached hereto as **Exhibit 1** is a true and correct copy of the FAA letter dated November 6, 2022. Among the four options provided by the FAA was a suggestion that the Town close HTO and open a new, private-use airport at the same location.

  4. Working in conjunction with the FAA, pursuant to 14 C.F.R. § 157.5 the Town formally noticed its intent to pursue this plan on January 20, 2022, when it filed two Form 7480-1s with the FAA: one to deactivate HTO and one to activate the new, private-use airport. Attached hereto as **Exhibits 2-3** are true and correct copies of the two Form 7480-1s.

  5. The next major milestone was the FAA completing two separate airspace analyses,

one on March 18 and March 22. Both of these studies resulted in the FAA having "no objection" to the Town's plan of deactivating HTO and activating JPX. Attached hereto as **Exhibits 4-5** are true and correct copies of the two FAA airspace letters of determination.

6.   Confirming its approval of the Town's plan, on April 15, 2022, the FAA published notice in the *Federal Register* stating unequivocally that HTO will permanently close on May 17, 2022, and JPX will open on May 19, 2022. Attached hereto as **Exhibit 6** is a true and correct copy of the Federal Register publication.

7.   The 2015 injunction issued in *Friends of East Hampton* states that "Sections 75-38 and 75-39 of the Town of East Hampton Code" did not comply ANCA and thus they are "preempted by federal law and are therefore unenforceable." Attached hereto as **Exhibit 7** is a true and correct copy of the Final Judgment and Permanent Injunction dated August 7, 2017.

8.   The 2015 injunction further states that the Town "and its agents are permanently enjoined from enforcing Local Laws Nos. 3, 4, and 5 of 2015, each adopted on April 16, 2015, as amended by Local Law No. 7 of 2015, adopted on May 7, 2015 (currently codified at Sections 75-38 and 75-39 of the Town of East Hampton Code) unless and until Defendant complies with the requirements of [ANCA]." *See* **Exhibit 7**.

9.   This 2015 injunction has no bearing on the issue before this Court. The two local laws enjoined, Sections 75-38 and 75-39, are no longer part of Chapter 75 of the Town Code. Instead, Chapter 75 was amended in April 2022 to address rules and regulations at the new, private-use airport. Attached hereto as **Exhibit 8** is a true and correct copy of the current version of Chapter 75 of the East Hampton Town Code.

10.   In a public announcement, the Town made clear that it was following the FAA's suggestion in the November 2020 letter. Attached hereto as **Exhibit 9** is a true and correct copy

of the Press Release dated January 20, 2022.

11. JPX would be operated pursuant to a trial prior permission required framework to enable SEQRA data collection over the 2022 season. Attached hereto as **Exhibit 10** is a true and correct copy of the SEQRA Negative Declaration to Deactivate EH Airport.

12. Under a prior permission required framework, the Town would be able to exert local control over its airport and establish reasonable restrictions on use (*e.g.*, curfews, daily roundtrip limits, etc.) to balance community needs with aviation stakeholder interests. Attached hereto as **Exhibit 11** is a true and correct copy of the proposed PPR framework presentation for the 2022 SEQRA data collection period dated April 12, 2022.

13. NBAA was well aware of the Town's January 20, 2022, filing of the Form 7480-1s, as the next day they issued a press release that states: "In a unanimous vote, the East Hampton Town Board on Jan. 20 approved a resolution to deactivate East Hampton Airport (HTO) through a temporary closure on March 1 and reopen it three days later as a 'JPX,' a private-use facility subject to prior permission required conditions." Attached hereto as **Exhibit 12** is a true and correct copy of the Press Release dated January 21, 2022.

14. The Town and FAA then determined that the initial dates chosen for deactivation and activation needed to be delayed to allow the FAA to complete internal processes. The new dates chosen—May 17 for deactivation of HTO and May 19 for activation of JPX—were specifically requested by the FAA so that the closure and opening would align with FAA navigational chart publication dates. NBAA were still paying attention and issued the following statement: "[T]he East Hampton, NY town board voted to delay its plan to deactivate East Hampton Airport (HTO) and then reopen a 'JPX' in its place, with potential new operational restrictions [such as making operations at JPX] subject to prior-permission required conditions

imposed at the town's whim, such as curfews, restrictions against certain types of operations and aircraft, and other limitations." Attached hereto as **Exhibit 13** is a true and correct copy of the Press Release dated February 22, 2022.

15. By March 22, 2022, the FAA formally approved of the Town's plan to deactivate HTO and activate JPX. In response to the FAA's formal approval of the Town's plan, NBAA submitted a letter to the Town and issued a press release, "reaffirm[ing] their position that the town's proposal would not release it from numerous federal requirements to maintain open access to HTO, including the Airport Noise and Capacity Act of 1990 (ANCA) and both the statutory and implied preemptive authority of the FAA." Attached hereto as **Exhibit 14** is a true and correct copy of the Press Release dated March 23, 2022.

16. Over 700 of the 14,400 airports, heliports, and seaplane bases that are for private-use are owned by public entities. Attached hereto as **Exhibit 15** is a true and correct copy of the list of private-use airports that are owned by public entities.

17. The FAA identified at least 19 of the 700 airports described above that were previously grant obligated but are now for private-use and subject to a PPR framework. Attached hereto as **Exhibit 16** is a true and correct copy of the list of private-use airports that are subject to a PPR framework.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: May 16, 2022  
      New York, New York

COOLEY LLP

By:   */s/Philip M. Bowman*  
      Philip M. Bowman

55 Hudson Yards  
New York, New York 10001-2157  
Telephone:   (212) 479-6000  
Facsimile:   (212) 479-6275  
Email:  pbowman@cooley.com