EXHIBIT 1

UNITED STATES DEPARTMENT OF TRANSPORTATION
FEDERAL AVIATION ADMINISTRATION
WASHINGTON, D.C.

| | |
|---|---|
| **DOUPE SERVICES, LLC d/b/a CURTIS AIR TAXI and JOBS LANE AVIATION, LLC,**<br><br>COMPLAINAINTS,<br><br>v.<br><br>**TOWN OF EAST HAMPTON,**<br><br>RESPONDENT. | <br><br>FAA Docket No. 16-22-05 |

## NOTICE OF DOCKETING AND CONSOLIDATION

Please be advised that the "Petition of Doupe Services LLC d/b/a Curtis Air Taxi and Jobs Lane Aviation, LLC for an Emergency Declaratory Order Regarding East Hampton Airport" ("Petition") filed by Doupe Services, LLC d/b/a Curtis Air Taxi and Jobs Lane Aviation, LLC ("Complainants") against the Town of East Hampton ("Respondent"), the sponsor of the East Hampton Airport ("Airport"), has been docketed by the Federal Aviation Administration (FAA) Office of the Chief Counsel and consolidated with Docket No. 16-22-05, on May 13, 2022, as the Petition and the Complaint filed in No. 16-22-05 involve the same underlying "Prior Permission Required" restrictions, facts, and parties.

Respondent is required to file an answer to the Petition within 10 days of the date of service of this notice. *See* 14 CFR § 16.23(d). The answer shall deny or admit the allegations made in the Petition and shall assert any affirmative defenses.

In lieu of an answer, the Respondent may file a motion to dismiss the Petition or a motion for summary judgment on the Petition. *See* 14 CFR § 16.26. The Respondent may move for dismissal of the entire Petition or move for dismissal of specific issues from adjudication. *See* 14 CFR § 16.26. The motion must be filed within 10 days after the date of service of this notice of docketing, and the Complainant may file an answer to the motion within 10 days of the date the motion is served. *See* 14 CFR § 16.26.

If the Director issues an order denying all or part of the motion, an answer to the Petition must be filed within 20 days of the date of service of the order. *See* 14 CFR § 16.23(d). If the Director does not act on the motion within 30 days after the date an answer to the motion is due, then the Respondent is required to file an answer to the Petition within the next 20 days. *See* 14 CFR § 16.26.

The Complainant may file a reply within 10 days of the date of service of the answer. The Respondent may file a rebuttal within 10 days of the date of service of the Complainant's reply. *See* 14 CFR § 16.23(e)-(f). The answer, reply, and rebuttal shall, like the Petition, be accompanied by supporting documentation upon which the parties rely. The answer, reply, and rebuttal shall each contain a concise but complete statement of the facts relied upon to substantiate the answers, admissions, denials, or averments made. *See* 14 CFR § 16.23(g), (i). Amendments or supplements to the pleadings will not be allowed without showing good cause through a motion and supporting documents. *See* 14 CFR § 16.23(j).

All documents filed with the FAA in this proceeding shall be served (and include a certificate of service) by the persons filing them on all parties to the proceeding, and with the Office of the Chief Counsel as follows: FAA Part 16 Docket Clerk, AGC–600, Federal Aviation Administration, 800 Independence Avenue SW, Washington, DC 20591. *See* 14 CFR §§ 16.13, 16.15. With the exception of electronic filing or unless otherwise specified, **an executed original and three copies** of each document shall be filed with the Part 16 Docket Clerk. One of the three copies shall not be stapled, bound or hole-punched. *See* 14 CFR § 16.13(c).

Electronic filing of Part 16 documents is permitted in accordance with 14 CFR § 16.13(h). A party filing electronically will include with its pleadings a certificate of service stating the method as electronic by or via e-mail. *See* 14 CFR § 16.15. In regard to computation of time, the date of the e-mail is not included in the computation of time under this part. *See* 14 CFR § 16.17(a). Parties will start the count as of the day following the date the e-mail was sent.[1] The Department of Transportation (DOT) uses the government-wide Federal Docket Management System (FDMS) at http://www.regulations.gov. Accordingly, if filing paper documents with the FAA, **please ensure that at least one of the required copies is *unbound* and *without tabs*. Exhibit numbers in unbound copies should be noted on the first page of each exhibit or in divider pages.** The FAA will forward all electronic submissions (like the paper submissions) to FDMS for public viewing.

Additionally, pursuant to 14 CFR § 161.503, upon receipt of a complaint alleging noncompliance with the Airport Noise and Capacity Act of 1990, 49 U.S.C. § 47521, *et seq.*, the FAA is obligated to seek informal resolution of the matter. Respondent and Complainants are directed to engage in informal resolution negotiations and shall make good faith efforts to resolve the matters encompassed by the herein docketed Petition. Each party shall report on the status of their efforts in their respective responsive pleadings filed herein.

It is the FAA's goal to achieve voluntary compliance with Federal obligations and related legal requirements and to resolve alleged or potential violations. The FAA has not reviewed or approved of Respondent's proposed Prior Permission Required restrictions at the airport, if such

---

[1] Please note: This paragraph exempts only the parties from the filing requirements under 14 CFR § 16.13(a)-(c). If a party subsequently decides to "opt-out" of electronic filing, it must notify the FAA Docket Clerk and opposing party in writing. *See* 14 CFR § 16.13(h)(4). The electronic filing method may be used in lieu of or in addition to the existing requirements set forth in part 16.

approval is required. The FAA **strongly recommends** that Respondent suspend implementation of its Prior Permission Required restrictions framework until this matter has been considered and resolved.

KEVIN WILLIS
Digitally signed by KEVIN WILLIS
Date: 2022.05.13 08:41:59 -04'00'

Kevin C. WIllis
Director, Office of Airport Compliance
  Management Analysis

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2022, I caused to be emailed and/or to be placed in the Federal Express a true copy of this Notice of Docketing for FAA Docket No. 16-22-05 addressed to:

**For the Complainant**

Jol A. Silversmith, Esq.
Barbara M. Marrin, Esq.
KMA Zuckert LLC
888 17th Street, N.W., Suite 700
Washington, D.C. 20006
jsilversmith@kmazuckert.com
bmarrin@kmazuckert.com

**For the Respondent**

Peter Van Scoyoc
Town Board Supervisor
195 Pantigo Road
East Hampton, NY  11937
pvanscoyoc@ehamptonny.gov

James Brundige
Airport Manager
173 Daniels Hole Road
Wainscott, NY  11975
jbrundige@ehamptonny.gov

Bill O'Connor, Esq.
Cooley LLP
4401 Eastgate Mall
San Diego, CA  92121
woconnor@cooley.com

Carole Brennan
Town Clerk
159 Pantigo Road
East Hampton, NY 11937
cbrennan@ehamptonny.gov

John Jilnicki, Esq..
159 Pantigo Road
East Hampton, NY 11937
jjilnicki@ehamptonny.gov

Copy to

FAA Part 16 Airport Proceedings Docket (AGC-600)
FAA Office of Airport Compliance and Management Analysis (ACO-100)

_____
Natalie Curtis
Office of Airport Compliance
  and Management Analysis