# Exhibit A



William V. O'Connor  
+1 858 550 6002  
woconnor@cooley.com

Via Email

May 16, 2022

David Fish  
Director, Eastern Region, Airports Division  
Federal Aviation Administration  
1 Aviation Plaza  
Jamaica, NY 11434

Re: Temporary Restraining Orders Regarding Deactivation of East Hampton Airport (HTO)

Dear Mr. Fish:

Pursuant to the attached three court orders issued on May 16, 2022, in New York Supreme Court, Suffolk County, the Town is temporarily enjoined from closing the East Hampton Airport ("HTO"). *See* Index No. 602799/2022 Dkt. 329 (enjoining the Town from "deactivating or closing the HTO Airport"); Index No. 602801/2022 Dkt. 363 (enjoining the Town from "deactivating or closing HTO Airport"); Index No. 602802/2022 Dkt. 330 (enjoining the Town from "closing the airport"). Accordingly, the Town requests to postpone the deactivation of HTO until further notice. The Town is also taking steps to cancel the Notice to Air Missions advising operators about the closure that was set to occur on May 17, 2022, at 23:59 local.

If there are any additional steps the FAA requires the Town to take to effect this postponement please contact me at your earliest convenience.

Respectfully,

Bill O'Connor

Error! Reference source not found.

At an IAS Part 36 of the Supreme Court of
the State of New York, County of Suffolk,
located at 1 Court Street, Riverhead, New
York on the __16th__ day of May, 2022

PRESENT:   HON. PAUL J. BAISLEY, JR., J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------x
In the Matter of the Application of,

BLADE AIR MOBILITY, INC., BONNIE
BRADY, THOMAS DEAN, JASON DELAND,
LISA DEVEGLIO, MICHAEL DONNELLY,
RUSSELL MUNSON, and ALICIA WHITAKER,

                     Petitioners,

For an Order and Judgment Pursuant to CPLR
Article 78

                 - against -

TOWN OF EAST HAMPTON, TOWN BOARD
OF THE TOWN OF EAST HAMPTON, and
PETER VAN SCOYOC, in his official capacity as
EAST HAMPTON TOWN SUPERVISOR,

                     Respondents.
-----------------------------------------------------------x

Index No. 602802/2022

Oral Argument Requested

[~~PROPOSED~~] ORDER
TO SHOW CAUSE

UPON reading the annexed and NYSCEF filed Amended Verified Petition of Petitioners Blade Air Mobility, Inc., Bonnie Brady, Thomas Dean, Jason DeLand, Lisa DeVeglio, Michael Donnelly, Russell Munson, and Alicia Whitaker, dated March 15, 2022; the Affidavit of Bonnie Brady, sworn to on February 14, 2022; the Affidavit of Thomas Dean, sworn to on February 14, 2022; the Affidavit of Jason DeLand, sworn to on February 14, 2022; the Affidavit of Lisa DeVeglio, sworn to on February 12, 2022; the Affirmation of Michael Donnelly, dated February 11, 2022; the Affidavit of Russell Munson, sworn to on February 14, 2022; the Affidavit of Alicia Whitaker, sworn to on February 14, 2022; the Affirmation of Michael B. Gerrard, dated

February 15, 2022, and the exhibits annexed thereto; the Affirmation of Randy M. Mastro, dated February 15, 2022; and the exhibits annexed thereto, the Supplemental Affirmation of Michael B. Gerrard, dated March 14, 2022; the Supplemental Affirmation of Randy M. Mastro, dated March 15, 2022 and the exhibits annexed thereto; the second amended memorandum of law submitted by Petitioners on April 22, 2022, in support of their application by order to show cause for a temporary restraining order and preliminary injunction; the amended memorandum of law submitted by Respondents on April 26, 2022, in opposition to Petitioners' application by order to show cause for a temporary restraining order and preliminary injunction (and related filings); the reply memorandum of law submitted by Petitioners on April 18, 2022, in further support of their application by order to show cause for a preliminary injunction; and the memorandum of law submitted by Petitioners on May 11, 2022, in support of their application by order to show cause *and oral argument* for a temporary restraining order, scheduling of a preliminary injunction hearing, and other *held on may 14, 2022* relief; and having found sufficient reason alleged and good cause appearing therefore;

IT IS HEREBY ORDERED that Respondents The Town of East Hampton, Town Board of the Town of East Hampton, and Peter Van Scoyoc, in his official capacity as Supervisor of the Town of East Hampton (collectively, "Respondents"), or their respective attorneys, show cause before this Court, at IAS Part 36 of the Supreme Court of the State of New York, County of Suffolk, located at 1 Court Street, Courtroom **36**, Riverhead, New York 11901 on the **26th** day of May, 2022, at **9:30 a**.m., or as soon thereafter as counsel may be heard, why a preliminary injunction should not be issued, pursuant to CPLR 6301 and 6311:

    a. enjoining and restraining Respondents, Respondents' agents, servants, employees, officers, and attorneys, and all other persons in active concert or participation with Respondents, from closing, implementing any of the new use restrictions

Respondents have announced they intend to implement, or otherwise restricting public access to the East Hampton Airport located in East Hampton, New York (the "Airport"), pending resolution of this proceeding on the merits;

b. enjoining and restraining Respondents, Respondents' agents, servants, employees, officers, and attorneys, and all other persons in active concert or participation with Respondents, from taking or continuing to take any steps to effectuate the closure of the Airport, conversion of the Airport to a "private use" facility, or operation of the Airport on a "prior permission required" basis, pending resolution of this proceeding on the merits; and

c. granting petitioners such other and further relief as the Court deems just and proper;

AND IT IS FURTHER ORDERED, pursuant to CPLR 6313(a), that, pending the hearing and determination of Petitioners' application for a preliminary injunction, Respondents, Respondents' agents, servants, employees, officers, and attorneys, and all other persons in active concert or participation with Respondents, are temporarily enjoined and restrained from:

a. closing the Airport, implementing any of the new use restrictions Respondents have announced they intend to implement at the Airport, or otherwise restricting public access to the Airport; and

b. taking or continuing to take any steps to effectuate the closure of the Airport, conversion of the Airport to a "private use" facility, or operation of the Airport on a "prior permission required" basis;

AND IT IS FURTHER ORDERED that Petitioners shall serve a copy of this Order on Respondents' counsel of record by NYSCEF ~~and e-mail~~ on or before the 17th day of May, 2022, which shall be deemed good and sufficient service thereof.



GRANTED

MAY 16 2022

HON. PAUL J. BAISLEY, JR.

At a ^IAS Special Term Part 3b of the Supreme Court of the State of New York, County of Suffolk, at the Courthouse thereof located at 1 Court Street, Riverhead, New York on the 16th day of May, 2022

PRESENT: Hon. Paul Baisley, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------X
In the Matter of the Application of:

The Coalition to Keep East Hampton Airport Open, Ltd.,
Andrew Sabin, Michael Mancuso, Edmond Chakmakian,
Kelly Bloss, Jennifer Faga, Robert Aspenleiter,
Thomas Griffin, Douglas Donaldson, Harry Ellis, and
Dr. George Dempsey,

                    Petitioners,

    Index No. 602801/2022

For a Judgment Pursuant to Article 78 of the CPLR

       -against-

Town of East Hampton, New York,

                    Respondent.
------------------------------------------------X

## ORDER TO SHOW CAUSE

WHEREAS, on February 15, 2022 Petitioners commenced the instant proceeding by Order to Show Cause, seeking a Temporary Restraining Order (TRO) and preliminary injunction to enjoin Respondent Town of East Hampton from closing its public airport ("HTO Airport") on February 28, 2022, the announced date of its proposed closure, or thereafter;

WHEREAS, on February 17, 2022, the Town revised its plan to close HTO Airport and announced that it would be delaying its proposed closure to May 17, 2022, and this Court, by

Justice Santorelli, thereafter denied Petitioners' request for a TRO in light of the Town's deferral of the airport closure;

WHEREAS, by stipulation dated March 14, 2022 the parties agreed that Petitioners would file an Amended Verified Petition no later than March 15, 2022, and that the March 31, 2022 return date on Petitioners' motion for a preliminary injunction would be adjourned to April 28, 2022, subject to the Court's availability on that date;

WHEREAS, the stipulation further provided that Respondents would have until April 4, 2022 to answer, move or otherwise respond to the Amended Verified Petition and file its opposition to the motion for a preliminary injunction, and that Petitioners would have until April 18, 2022 to reply to any such motion and/or opposition;

WHEREAS, the parties filed their submissions in accordance with such stipulation, and the Court subsequently adjourned the return date on the motion for a preliminary injunction to May 3, 2022;

WHEREAS, in the interim, Justice Santorelli, recused himself from the instant proceeding on April 25, 2022 and the case was subsequently reassigned to Justice Hensley the same day;

WHEREAS, Justice Hensley recused himself from the instant proceeding on May 2, 2022 and the case was subsequently reassigned to Justice Reilly on the same day;

WHEREAS, Justice Reilly recused himself from the instant proceeding on May 4, 2022 (with a confirming order May 10, 2022) and the case was subsequently reassigned to Justice Baisley on the same day;

WHEREAS, only seven days remain until the Town's announced closure of HTO Airport and no decision has been reached on Petitioners' pending motion for a preliminary injunction;

UPON the reading and filing of the annexed Affirmation of Steven C. Russo, dated May 10, 2022 along with the accompanying Memorandum of Law, the Amended Verified Petition/Complaint of Petitioners-Plaintiffs, (collectively "Petitioners"), sworn to the 15th day of March 2022, the exhibits annexed thereto, the Affirmation of Steven C. Russo, Esq., dated March 15, 2022, and the Memorandum of Law submitted herewith, *and oral argument held on May 16, 2022* it is

ORDERED, that Respondent-Defendant TOWN OF EAST HAMPTON, NEW YORK (the "Town"), show cause at I.A.S. Part **36** before the Hon. **Paul J. Baisley, Jr.** at the Courthouse located at 1 Court Street, Riverhead, New York 11901, on the **26th** day of **May**, 2022 at **9:30** **(a.m)**/p.m. of that day or as soon thereafter as counsel can be heard, why an emergency order should not be made granting Petitioners' previously requested motion for a Preliminary Injunction pursuant to CPLR §§ 6301 and 6313:

a) enjoining the Town from deactivating or closing HTO Airport on May 17, 2022, or any date thereafter pending a determination on Petitioners' motion for a preliminary injunction; and

b) granting such other and further relief as may be just and proper; and it is further,

ORDERED, that pending a hearing and determination of this motion, pursuant to CPLR §§ 6301 and 6313, the Town is enjoined from deactivating or closing the HTO Airport on May 17, 2022, or any date thereafter; and it is further,

ORDERED, that a copy of this order to show cause, together with the papers upon which it is granted, be served upon Respondent-Defendant on or before the **17th** day of **May**, 2022, and that such service be deemed good and sufficient service thereof and that

opposition papers shall be served on or before May 19, 2022 and any reply papers served on or before May 22, 2022.

ENTER:

_____
J.S.C.

HON. PAUL J. BAISLEY, JR.



GRANTED
MAY 16 2022
JUDITH A. PASCALE
Clerk of Suffolk County

4

At IAS Part 36 of the Supreme Court of New York, held in and for the County of Suffolk, at the Courthouse at 1 Court Street, Riverhead, New York, New York on the 16th Day of May 2022

PRESENT: HON. PAUL J. BAISLEY, JR.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

--------------------------------------------------)
In the Matter of the Application of:              )   Index No. 602799/2022
                                                  )
East End Hangars, Inc., Hampton Hangars, Inc.,    )   Hon. Paul J. Baisley, J.S.C.
a/k/a Hampton Hangers, Inc., Thomas Bogdan,       )
Joseph Dryer, Suse Lowenstein, Louise Sasso,      )   **ORDER TO SHOW CAUSE**
and Lynden Restrepo                               )
                                                  )
                            Petitioners,          )
                                                  )
For a Judgment Under Article 78 of the CPLR       )
                                                  )
           -against-                              )
                                                  )
Town of East Hampton, New York,                   )
                                                  )
                            Respondent.           )
--------------------------------------------------)

**UPON** reading the annexed Affirmation of Urgency of James Catterson, Esq., dated May 11, 2022 and the exhibits annexed thereto, the accompanying memorandum of law, Petitioners' renewed motion for a preliminary injunction (Mot. Seq. 7), and oral argument held on May 16, 2022 and upon all of the pleadings and proceedings heretofore had herein, and sufficient cause having been shown,

**LET** Respondent, by its attorneys, show cause before this Court at IAS Part 36, of the Supreme Court of the State of New York, County of Suffolk, to be held at the Court, located at 1 Court Street, Riverhead, New York, Room 3b, on May 26, 2022, at 10:00 o'clock a.m., or as soon thereafter as counsel may be heard, why an order should not be made and entered pursuant to Article 63 of the Civil Practice Law and Rules for a temporary restraining order pending the determination of Petitioners' Renewed Motion for a Preliminary Injunction enjoining

Respondent from deactivating or closing the East Hampton Airport (hereinafter referred to as the "HTO Airport") on or before May 17, 2022, or any date thereafter.

Sufficient cause appearing therefore, it is hereby

**ORDERED** that during the pendency of Petitioners' Renewed Motion for a Preliminary Injunction, and sufficient cause having been shown, Respondent is hereby prohibited and prevented from deactivating or closing the HTO Airport on or before May 17, 2022, or any date thereafter; and it is further

**ORDERED** that during the pendency of this action, and sufficient cause having been shown, Respondent is hereby prohibited and prevented from using any airport funds or revenues for anything other than "the capital or operating costs of the airport; the local airport system; or other local facilities owned or operated by the airport owner or operator and directly and substantially related to the air transportation of passengers or property," as required pursuant to 49 U.S.C. § 47107(b); and it is further

**ORDERED** that opposition papers, if any, are to be served upon Petitioners' counsel via e-filing on or before the 19th day of May ___, 2022; and it is further

**ORDERED** that reply papers, if any shall be served upon the Respondent's counsel via e-filing on or before the 22nd day of May ___, 2022; and it is further

**ORDERED** that service of a copy of this order and the papers upon which it is based be made on or before the 17th day of May ___, 2022 by e-filing same, and that such service shall be deemed good and sufficient notice of this application.

GRANTED
MAY 16 2022
JUDITH A. PASCALE
Clerk of...

HON. PAUL J. BAISLEY, JR.