# Arnold & Porter

James Herschlein
+1 212.836.8655 Direct
James.Herschlein@arnoldporter.com

July 29, 2022

**VIA ECF**

The Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *National Business Aviation Association, Inc. v. The Town of East Hampton*
              (No. 22-2824) - Opposition to Request for Pre-Motion Conference

Dear Judge Seybert,

      I write on behalf of Plaintiff National Business Aviation Association ("NBAA") regarding Defendant Town of East Hampton's (the "Town's") July 22, 2022 request for a pre-motion conference and permission to file a motion to dismiss NBAA's complaint ("Request"). For the following reasons, the Court should deny the Town's request and instead should grant the preliminary injunction requested by NBAA (ECF 2).

      The Town makes three arguments for why NBAA's complaint should be dismissed: mootness, primary jurisdiction, and failure to state a claim under ANCA. Request at 2. Each argument fails as a matter of law.

      ***NBAA's Complaint Is Not Moot.*** The Town claims that NBAA's complaint is moot because it only sought relief in connection with the East Hampton Airport under its prior location identifier, HTO. *See* Request at 2. This argument is nonsensical.

      NBAA's complaint sought to enjoin the Town from closing the East Hampton Airport and—most importantly—imposing noise and access restrictions. *See* Complaint at 17. The Complaint was directed at the East Hampton Airport, not its location identifier, which is simply a three- to five-character alphanumeric code assigned by the FAA with no bearing on the Airport's regulatory framework. The East Hampton Airport is still the East Hampton Airport; the change of its location identifier from HTO to JPX is meaningless.

      The Town concedes that NBAA's complaint seeks to stop the Town from imposing noise and access restrictions at the Airport without complying with ANCA. Thus, even if this Court accepts the Town's argument that NBAA's claim regarding the Airport's closure is moot (which is not true), NBAA's claim regarding the Town's noise and access restrictions remains a live controversy. Thus, the Complaint is not moot.

# Arnold & Porter

July 29, 2022
Page 2

***The FAA Does Not Have Primary Jurisdiction Over ANCA.*** The Town argues that the Court should dismiss NBAA's complaint because the FAA has primary jurisdiction over the interpretation of ANCA.  *See* Request at 2–3.  This argument is contrary to Second Circuit and this Court's precedent.  Your Honor previously maintained jurisdiction over a similar ANCA claim against the Town.  *Friends of the East Hampton Airport, Inc. v. Town of East Hampton* (Nos. 15-2334, 15-2465).  Neither this Court nor the Second Circuit dismissed the case on the grounds that the FAA retained primary jurisdiction over ANCA disputes.  *See Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 147–52 (2d Cir. 2016) (discussing ANCA's text and legislative history).  In fact, this Court explicitly stated that it had jurisdiction to adjudicate ANCA claims against the Town.  *See* Memo. and Order at 28, *Friends of the E. Hampton Airport, Inc.*, No. 15-2246 (E.D.N.Y. June 26, 2015), ECF No. 64 ("[T]he Court will entertain Plaintiffs' preemption claim with respect to ANCA.").  This Court clearly has the power to adjudicate NBAA's ANCA claim against the Town and should exercise that power.

***NBAA's Complaint States a Claim.*** The Town argues that NBAA's complaint fails to state a claim because ANCA does not apply to private-use airports.  This is wrong for several reasons.  First, in *Friends of the East Hampton Airport*, the Second Circuit held that "ANCA's text and context unambiguously indicate Congress's intent for the [relevant] procedural mandates to apply to *all public airport proprietors regardless of their funding eligibility*." *Friends of the E. Hampton Airport*, 841 F.3d at 149 (emphasis added).  The Second Circuit squarely held that an airport's funding status is irrelevant.  *See id.* at 149–52.  Because the Town continues to operate the Airport, it is subject to ANCA.

Second, the Town's reference to the "closure" of the Airport again ignores that the Complaint seeks to enjoin the Town from imposing new restrictions.  Neither this Court nor the Second Circuit has ever read ANCA as permitting a temporary closure for the sole purpose of imposing restrictions that otherwise would violate ANCA.  In fact, the FAA has requested the Town to stand down: "[The FAA] has not reviewed or approved of [the Town's] proposed Prior Permission Required restrictions at the airport . . . .  The FAA **strongly recommends** that [the Town] suspend implementation of its Prior Permission Required restrictions framework until this matter has been considered resolved." May 13, 2022 Letter from the FAA to the Town at 1–2, ECF 10-1 (emphasis in original).

Third, contrary to the Town's repeated assertions, the Airport is not yet "private-use."  As the FAA stated just today: "the East Hampton Town Airport has not begun operating as a private-use airport. . . .  East Hampton Town Airport is currently operating as if it were a public-use airport." *See* Ex. A, FAA Interim Final Rule, 87 Fed. Reg. 45638, 45639 (July 29, 2022) (to be codified at 14 C.F.R. 93).

# Arnold & Porter

**Arnold & Porter**

July 29, 2022
Page 3

Thus, "accept[ing] as true all factual statements alleged in the complaint and draw[ing] all reasonable inferences in [NBAA's] favor," NBAA has stated a plausible claim that the Town's plan violates ANCA. *Wewe v. Mt. Sinai Hosp.*, 518 F. Supp. 3d 643, 647 (E.D.N.Y. 2021).

***The Court Should Enter NBAA's Requested Injunction.*** At the Court's May 17, 2022 hearing, the Court reserved decision on NBAA's motion for a TRO after learning that Suffolk County Supreme Court Justice Paul Baisley had just issued a TRO against the Town that mirrored NBAA's request. At the May 17 hearing, the Town represented that it intended to comply with Justice Baisley's TRO and that it would notify this Court if it planned to appeal the TRO or otherwise seek its stay or modification. (Ex. B, Tr. at 42.)

Since the hearing, the Town made three separate motions in the Second Department regarding the TRO—and failed to notify this Court of any of the applications:

- On May 19, barely 48 hours after the Town's representation to this Court, the Town moved the Second Department for leave to appeal and stay/modify the TRO. *See* NYSCEF No. 369, *East End Hangars, Inc,* Index No. 602799/2022 (Suffolk). The Second Department declined to sign the order to show cause in its entirety.

- On June 15, the Town again sought leave to appeal the TRO. NYSCEF No. 2, *East End Hangars, Inc., et al. v. Town of East Hampton*, No. 2022-4770 (2nd Dep't).

- On July 1, the Town sought to stay Justice Baisley's TRO until resolution of the appeal. NYSCEF No. 6, *East End Hangars, Inc.,* No. 2022-4770 (2nd Dep't).

Moreover, there is ample evidence that the Town has violated Justice Baisley's TRO. In fact, on June 9, Justice Baisley endorsed three orders to show cause to hold the Town in contempt for violating the TRO. *See, e.g.,* NYSCEF No. 402, *East End Hangars, Inc.*, Index No. 602799/2022 (Suffolk). Those motions are all currently *sub judice*.

For the above reasons and the reasons presented to this Court on NBAA's preliminary injunction motion, NBAA respectfully requests that the Court deny the Town's request to file a motion to dismiss, direct the Town to answer the complaint, and grant NBAA's motion for preliminary injunction.

Respectfully Submitted,

*/s/ James D. Herschlein*